1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   KARL PHILIP JOHNSON,                          CASE NO. 08cv887 WQH (WMc)

12                          Plaintiff,              **ORDER**
              vs.
13   CITY OF SAN DIEGO, et al.,

14                          Defendants.

15   HAYES, Judge:

16          The matter before the Court is the Motion to Dismiss and Motion to Strike the First

17   Amended Complaint (Doc. # 18).

18                                  **Background**

19          This action arises out of an incident which occurred on May 20, 2006, when Defendants

20   Jamie Fitzpatrick and Frank Wilson, police officers of Defendant San Diego Police

21   Department, arrested, handcuffed, and placed Plaintiff in the back of their patrol vehicle.

22   Plaintiff alleges that he was placed in the patrol vehicle without a required seatbelt or other

23   safety restraint; that the patrol vehicle was involved in an accident with another vehicle; and

24   that Plaintiff sustained injuries as a result of not being placed in a seatbelt or restraint system.

25   ///

26   ///

27   ///

28   ///

On November 13, 2007, Plaintiff filed a "notice of petition and petition for order relieving petitioner from provisions of Government Code, section 945.4[1] and allowing the filing of a late claim" ("Petition") in the Superior Court of California, County of San Diego (Doc. # 18, Exhibit C). Plaintiff attached to the Petition a copy of a Claim for Damages ("State Complaint"), which Plaintiff filed in the Superior Court of California, County of San Diego on May 16, 2007.[2] The State Complaint alleged the following causes of action: (1) negligence; (2) false imprisonment; (3) illegal search and seizure; (4) invasion of privacy; (5) negligent infliction of severe emotional distress; (6) negligent entrustment; (7) permissive use; (8) violation of due process and equal protection; and (9) violation of federal and state constitutional and statutory rights. On December 19, 2007, the California Superior Court denied the Petition on grounds that Plaintiff failed to establish that the failure to timely present a government tort claim to the City of San Diego was through mistake, inadvertence, surprise, or excusable neglect; and that the application presented to the City for leave to present a late claim was not presented within a reasonable time. *Id.,* Exhibit E. On February 13, 2008, Plaintiff appealed the denial of the Petition to the California Court of Appeal. *Id.,* Exhibit F. On June 24, 2008, the California Court of Appeal dismissed the appeal on grounds that Plaintiff failed to file a brief after notice was given. *Id.,* Exhibit G.

On May 19, 2008, Plaintiff initiated the action presently before this Court by filing a complaint against the City of San Diego, the San Diego Police Department, and San Diego Police Officers Jamie Fitzpatrick and Frank Wilson (Doc. # 1). On May 8, 2009, Plaintiff filed a first amended complaint ("FAC") (Doc. # 16). The FAC alleges the following causes of action: (1) illegal search and seizure; (2) invasion of privacy; (3) cruel and unusual punishment; and (4) violation of federal and state constitutional and statutory rights.

---

[1] Section 945.4 of the California Government Code requires that a party file a government tort claim prior to initiating a lawsuit against a public entity for causes of action for which a claim is required.

[2] The Court will refer to the Petition and State Complaint collectively as the "State Action."

In support of the first cause of action for illegal search and seizure, the FAC alleges that Fitzpatrick and Wilson, "under color of law and in deliberate indifference to plaintiff's health, safety and rights, and without a warrant and without probable cause, unlawfully stopped and detained plaintiff, searched his person, clothing and belongings, and improperly placed and held him handcuffed in a moving police vehicle without lap and shoulder belts." *FAC*, ¶ 12. The FAC alleges that Plaintiff did not consent to any such search, seizure or transport. The FAC alleges that Defendants "deprived plaintiff of the following clearly established and well-settled constitutional rights:" (1) "[f]reedom from illegal and warrantless searches and seizures;" (2) "[f]reedom from summary punishment;" (3) "[f]reedom from the use of illegal, excessive, unreasonable, unnecessary and/or outrageous search procedures;" and (4) "[d]ue process and equal protection in handling, treatment and transportation." *FAC,* ¶ 13.

In support of the second cause of action for invasion of privacy, the FAC alleges that Fitzpatrick and Wilson "invaded plaintiff's right of privacy" by "stopping, arresting, searching and otherwise interfering with plaintiff without probable cause, a warrant, excuse or justification." *Id*., ¶ 17. The FAC alleges that plaintiff did not consent to the search or other acts by Defendants, and "submitted to said defendants' acts only because he was afraid, was ordered to submit by said defendants who were acting under color of their authority and under color of the statutes, ordinances, regulations, customs and practices of the State of California, the City of San Diego and the San Diego police department." *Id*., ¶ 18. The FAC alleges that Defendants' "conduct constituted illegal and warrantless searches and arbitrary intrusions by defendants, and each of them, upon plaintiff's belongings, privacy and body, thereby depriving plaintiff of life, liberty, and property without due process of law." *Id.,* ¶ 20.

In support of the third cause of action for cruel and unusual punishment, the FAC alleges that Fitzpatrick and Wilson "handcuffed plaintiff, over tightened said cuffs so as to hurt plaintiff, and placed plaintiff in the rear of their police vehicle without a lap and shoulder belt in deliberate indifference to plaintiff's rights, health, safety and well being." *Id*., ¶23. The FAC alleges that plaintiff "suffered injury and damage to his face, jaw, neck, back, mind, body, arms, legs, and nervous system, embarrassment, severe emotional distress and as yet

1  additional unascertained injuries and damages" as a result of Defendants' unlawful conduct.
2  *Id.*, ¶ 24.

3      In support of the fourth cause of action for violation of federal and state civil,
4  constitutional and statutory rights, the FAC alleges: "This action is brought pursuant to the
5  provisions of 42 U.S.C. [s]ections 1981, 1983, 1985 and 1986, pursuant to The Americans
6  With Disabilities Act and pursuant to California Civil Code, Sections 51, 52 and 52.1." *Id.,*
7  ¶ 29. The FAC alleges that "[b]y reason of being handcuffed plaintiff was effectively rendered
8  disabled and could not care for or protect himself," and that "by reason of handcuffing and
9  disabling plaintiff, placing him in a moving vehicle without the safety of seatbelt restraints and
10 otherwise improperly transporting plaintiff, defendants, and each of them, deprived plaintiff
11 of his rights as secured by the Americans With Disabilities Act, the Fourteenth Amendments
12 of the United States Constitution and as further secured by the California Constitution and
13 statutes." *Id.,* ¶ 32.

14     On May 28, 2009, Defendants filed the Motion to Dismiss and Strike the FAC (Doc.
15 #18). Defendants move to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of
16 Civil Procedure, and strike portions of the FAC pursuant to Rule 12(f) and (g). On July 1,
17 2009, Plaintiff filed a Response in Opposition to the Motion to Dismiss and Strike (Doc. # 19).
18 On July 7, 2009, Defendants filed a Reply (Doc. # 20).

19                                **<u>Standard of Review</u>**

20     A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests
21 the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.
22 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where
23 the factual allegations do not raise the right to relief above the speculative level. *See Bell*
24 *Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be
25 dismissed for failure to state a claim where the allegations plausibly show that the pleader is
26 entitled to relief. *See id.* (citing Fed. R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule
27 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and
28 must accept as true all material allegations in the complaint, as well as any reasonable

1    inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003);

2    *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

3 **Analysis**

4 **I.      The *Rooker-Feldman* Doctrine**

5        Defendants contend that Plaintiff is a state-court loser seeking to re-litigate his case in

6 federal court because the California Superior Court denied the Petition, and the California

7 Court of Appeal dismissed Plaintiff's appeal.  Defendants contend that this Court cannot "pass

8 upon Plaintiff's claims without reviewing, relying on and/or reversing a California state court

9 decision that rendered judgment in favor" of Defendants. *Id.* at 8.  Defendants contend that

10 "[a]ll three requirements for the application of the *Rooker-Feldman* doctrine are satisfied in

11 this case" because (1) Plaintiff was a party to the State Action; (2) Plaintiff alleged the same

12 claims in the State Complaint and the action presently before this Court; and (3) the two

13 actions did not parallel one another. *Mot. to Dismiss,* p. 5-7.  Defendants move to dismiss the

14 FAC on grounds that the *Rooker-Feldman* doctrine bars this action.

15        Plaintiff contends that the FAC "does not invite the federal court to review and reverse

16 the state court's ruling." *Opposition,* p. 4.  Plaintiff contends that the claims alleged in the

17 FAC "were not entertained" in the State Action. *Id.*  Plaintiff contends that the *Rooker-*

18 *Feldman* doctrine does not apply because this is not an instance where Plaintiff has "filed a

19 complaint in district court *appealing* to the district court to review a state court's ruling." *Id.*

20 (emphasis in original).

21        *Rooker-Feldman* "is a narrow doctrine, confined to 'cases brought by state-court losers

22 complaining of injuries caused by state-court judgments rendered before the district court

23 proceedings commenced and inviting district court review and rejection of those judgments.'"

24 *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil v. Saudi Basic Industries*

25 *Corp.*, 544 U.S. 280, 284 (2005)).  The "doctrine applies only in 'limited circumstances,'

26 *Exxon Mobil, supra,* at 291, 125 S. Ct. 1517, where a party in effect seeks to take an appeal

27 of an unfavorable state-court decision to a lower federal court." *Lance*, 546 U.S. at 466.  The

28 Ninth Circuit follows the following formulation for *Rooker-Feldman*:

- 5 -

1
2
3
4
5
6

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction. If there is simultaneously pending federal and state court litigation between the two parties dealing with the same or related issues, the federal district in some circumstances may abstain or stay proceedings; or if there has been state court litigation that has already gone to judgment, the federal suit may be claim-precluded under § 1738. But in neither of these circumstances does *Rooker-Feldman* bar jurisdiction.

7   *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The district court lacks jurisdiction under

8   *Rooker-Feldman* if "the federal plaintiff [is] seeking to set aside a state judgment," whereas

9   there is jurisdiction if the federal plaintiff "present[s] some independent claim, albeit one that

10  denies a legal conclusion that a state court has reached in a case to which he was a party[.]"

11  *Id.* (quoting *GASH Associates v. Village of Rosemont,* 995 F.2d 726, 728-29 (7th Cir. 1993)).

12      A review of the record demonstrates that the California Superior Court denied the

13  Petition, and that the California Court of Appeal dismissed Plaintiff's appeal of the denial of

14  the Petition. The FAC, however, does not seek to set aside the denial of the Petition by the

15  California Superior Court, or the dismissal of Plaintiff's appeal by the California Court of

16  Appeal. The FAC does not allege "as a legal wrong an allegedly erroneous decision by a state

17  court," or seek relief from a state court judgment based on that allegedly erroneous decision.

18  *Noel,* 341 F.3d at 1164. Instead, the FAC seeks to recover damages for alleged unlawful

19  conduct by Defendants, which is "not a basis for abstaining under the *Rooker-Feldman*

20  doctrine." *Id.* The Court concludes that *Rooker-Feldman* does not bar Plaintiff's claims.

21  **II.    Collateral Estoppel (Issue Preclusion) and Res Judicata (Claim Preclusion)**

22      Defendants contend that the "issues and causes of action are the same in both" the State

23  Action and the action before this Court; that the "issues were actually litigated and/or there was

24  a final judgment on the merits;" that "Plaintiff was a party in both the [State Action and the

25  action before this Court];" and that "the prior decision was rendered by a court of competent

26  jurisdiction because it was rendered by the state trial court in and for the county of San Diego."

27  *Mot. to Dismiss,* p. 10-12. Defendants contend that the "elements for barring this action

28  pursuant to the doctrines of res judicata and collateral [estoppel] have been established." *Id.*

at 12.

Plaintiff contends that the California Superior Court "order denying plaintiff's petition for relief from the claims presentation statutes was not a final judgment . . . because an appeal was pending" and "there was no judgment on the merits." *Opposition*, p. 5-6. Plaintiff contends that "the state court's refusal to hear state and/or federal claims does not preclude the federal court from hearing federal claims over which it has original/subject matter jurisdiction and which were not heard on the merits." *Id*. at 6.

A.    Collateral Estoppel/ Issue Preclusion

The doctrine of collateral estoppel bars re-litigation of issues of fact or law that were litigated in a prior proceeding. *Robi v. The Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir.1988). For collateral estoppel to apply, the following elements must be satisfied: (1) the issue must be identical to that decided in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; (3) the issue must have been necessarily decided in the prior proceeding; (4) the decision must have been final and on the merits; and (5) preclusion must be sought against a person who was a party or in privity with a party to the prior proceeding. *Alvarez v. May Dep't Stores*, 143 Cal. App. 4th 1223, 1233 (2006). Even where the "minimal requirements" for collateral estoppel are satisfied, "the doctrine should not be applied if considerations of policy or fairness outweigh the doctrine's purposes as applied in a particular case." *Bostick v. Flex Equipment Co.*, 147 Cal. App.4th 80, 97 (2007). It is the defendant's burden to demonstrate that the doctrine of collateral estoppel applies. *See Schiro v. Farley,* 510 U.S. 222 (1994).

The record demonstrates that the California Superior Court denied the Petition on grounds that Plaintiff failed to establish that his failure to timely file a government tort claim was due to mistake, inadvertence, surprise or excusable neglect; and that application for leave to present a late claim was not presented within a reasonable time. The record demonstrates that the California Court of Appeal dismissed Plaintiff's appeal of the denial of the Petition for failure to file a brief. The record in this case, however, does not demonstrate that the California Superior Court addressed any of the issues of fact or law underlying the State

Action.  Furthermore, the record does not demonstrate the judgment has been entered in the State Action.  The Court concludes that Defendants have failed to demonstrate that the issues in the FAC have been litigated in the State Action; that the issues in the FAC have been decided in the State Action; or that a decision was rendered in the State Action that was final and on the merits.  *See Alvarez,* 143 Cal. App. 4th at 1233.  The Court concludes that the doctrine of collateral estoppel does not bar this action.

> B.   Res Judicata/ Claim Preclusion

Pursuant to the doctrine of res judicata, "'a valid, final judgment on the merits precludes parties or their privies from relitigating the same cause of action in a subsequent suit.'"  *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System*, 568 F.3d 725, 734 (9th Cir. 2009) (quoting *Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal. App.4th 1161 (2003)).  "Thus three requirements have to be met: (1) the second lawsuit must involve the same cause of action as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit."  *San Diego Police Officers' Ass'n*, 568 F.3d at 734.  The party asserting res judicata has the burden to demonstrate that its requirements are met.  *Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404 (9th Cir. 1985).

As previously discussed, the record does not demonstrate that there has been a final judgment on the merits in the State Action, or that the state courts addressed the merits of the claims alleged in the State Complaint.  Furthermore, the causes of action and underlying factual allegations in the State Complaint are different from the causes of action and factual allegations in the FAC.  The FAC alleges claims for violation of Plaintiff's federal constitutional rights; the record does not demonstrate that the state courts addressed Defendants' alleged violation of Plaintiff's federal constitutional rights.  The Court concludes that Defendants have not demonstrated that there has been a "valid, final judgment on the merits" that precludes Plaintiff and Defendants "from relitigating the same cause of action in a subsequent suit."  *San Diego Police Officers' Ass'n*, 568 F.3d at 734 (internal quotations omitted).  The Court concludes that the doctrine of res judicata does not bar this action.

### III. Immunity Pursuant to Sections 820.4, 821, and 821.6 of the California Government Code

Defendants contend that the FAC "alleges that the law enforcement defendants were at all relevant times officers of the San Diego Police Department; . . . that these defendants were at all relevant times in uniform and acting within the scope of their employment as police officers;" and that "the alleged conduct at issue is the arrest of Mr. Johnson for some unknown charge." *Mot. to Dismiss,* p. 14. Defendants contend that the San Diego Police Department and its officers are immune from liability for all acts alleged in the FAC pursuant sections 820.4, 821, and 821.6 of the California Government Code.

Section 820.4 provides that "[a] public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law." Cal. Gov't. Code § 820.4. Section 821.6 of the California Government Code provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment." *Id.*, § 821.6. Section 821 provides that "[a] public employee is not liable for an injury caused by his adoption of or failure to adopt an enactment or by his failure to enforce an enactment." *Id.,* § 821.

In light of the allegations in the FAC that Fitzpatrick and Wilson acted with deliberate indifference, acted intentionally, and acted either maliciously or with reckless disregard to Plaintiff's rights, Defendants have not demonstrated that they are entitled to immunity at this stage of the proceedings under section 820.4 of the California Government Code on grounds that they exercised due care in the execution or enforcement of the law. Defendants are not immune under section 821.6 because the FAC does not allege that Plaintiff's injury was caused by a public employee instituting or prosecuting a judicial or administrative proceeding. Defendants are not immune under section 821 because the FAC does not allege that Plaintiff's injury was caused by a public employee's adoption of or failure to adopt an enactment, or by his failure to enforce an enactment. In light of the foregoing, the Court concludes that the Defendants are not immune from liability for the acts alleged in the FAC under sections 820.4, 821 and 821.6 of the California Government Code.

08cv887 WQH (WMc)

**IV.     First, Second and Third Causes of Action for Violation of 42 U.S.C. Section 1983**

42 U.S.C. section 1983 provides a cause of action against any person who, under the color of state law, deprives any citizen of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id.*

The first, second and third causes of action allege that Defendants, acting under the color of state law, violated Plaintiff's federal rights to be free from illegal searches and seizures; from invasion of privacy; and from cruel and unusual punishment.

      A.     <u>First, Second and Third Causes of Action Against Defendants City of San Diego and San Diego Police Department</u>

Defendants contend that "[s]tarkly absent from the FAC is any mention of a custom adopted by the City or the Police Department that was responsible for Plaintiff's alleged Constitutional injuries." *Mot. to Dismiss,* p. 13. Defendants contend that the FAC "makes no mention of any policy adopted by the City or the Police Department that would give rise to an injury of Plaintiff's rights by other Defendants." *Id.* Defendants contend that the first, second and third causes of action should be dismissed because "there is not a single allegation in the FAC regarding any custom, policy and/or practice." *Id.*

"[A] local governmental body cannot be found liable under § 1983 on a respondeat superior theory; liability may be imposed only if the plaintiff establishes that his injuries were inflicted pursuant to an official county policy or custom." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989); *see also Monell v. Department of Social Services,* 436 U.S. 658, 690-94 (1978). To hold a municipality or a police department liable for the actions of its officers, a plaintiff must demonstrate a constitutional deprivation, and that the deprivation was caused pursuant to a municipality or police department custom or policy. *Monell*, 436 U.S. at 694; *Munger v. Glasgow Police Dept.,* 227 F.3d 1082, 1087 (9th Cir. 2000).

The only allegation in the FAC with respect to a custom or policy is that Defendants "were acting under color of their authority and under color of the statutes, ordinances, regulations, customs and practices of the State of California, the City of San Diego and the San Diego police department." *Complaint*, ¶ 18. This allegation, however, is vague and conclusory. The FAC does not describe with any specificity the allegedly deficient custom or policy. The FAC does not allege any facts to support a finding that Plaintiff's alleged constitutional injury was caused pursuant to a custom or policy of the City of San Diego or the San Diego Police Department. In light of the foregoing, the Court concludes that the FAC fails to state a section 1983 claim against the City of San Diego and the San Diego Police Department. *See Monell*, 436 U.S. 658. The Court dismisses the first, second and third causes of action against the City of San Diego and the San Diego Police Department.

    B.    First, Second and Third Causes of Action Against Individual Officer Defendants Fitzpatrick and Wilson

As previously discussed, Defendants Fitzpatrick and Wilson are not immune from suit under sections 820.4, 821 or 821.6 of the California Government Code. The Motion to Dismiss does not assert any other basis for dismissing the first cause of action for illegal search and seizure and second cause of action for invasion of privacy against Fitzpatrick and Wilson. With respect to the third cause of action for cruel and unusual punishment, Defendants contend that the FAC fails to state a claim on grounds that the Eighth Amendment protection against cruel and unusual punishment protects only those already convicted of a crime, and the FAC does not allege that Plaintiff has been convicted of a crime.

"While the eighth amendment proscribes cruel and unusual punishment for convicted inmates, the due process clause of the fourteenth amendment proscribes any punishment of pretrial detainees." *Redman v. County of San Diego*, 942 F.2d 1435, 1441, n.7 (9th Cir. 1991). The FAC does not allege that Plaintiff was a convicted prisoner; instead that FAC alleges that Plaintiff was subject to cruel and unusual punishment during his arrest, which does not support a cause of action for cruel and unusual punishment. The Court concludes that the FAC fails allege facts to support a claim for cruel and unusual punishment against Fitzpatrick and

1  Wilson.  The Court dismisses the third cause of action for cruel and unusual punishment
2  against Fitzpatrick and Wilson.

3  **V.    Fourth Cause of Action for Violation of Federal and State Constitutional and**
4  **        Statutory Rights**

5      The FAC alleges that the fourth cause of action for violation of federal and state
6  constitutional and statutory rights is "brought pursuant to the provisions of 42 U.S.C. [sections]
7  1981, 1983, 1985, 1986, pursuant to the provisions of the Americans With Disabilities Act and
8  pursuant to California Civil Code, Sections 51, 52 and 52.1."  *FAC,* ¶ 29.

9      A.    42 U.S.C. Section 1981

10     42 U.S.C. section 1981 provides that all persons shall have equal rights under the law,
11  and  forbids discrimination on the basis of race in making contracts.  *See* 42 U.S.C. § 1981;
12  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 625 (9th Cir. 1988).   To survive a
13  motion to dismiss, a section 1981 claim must allege plaintiff suffered discrimination on the
14  basis of race.  *Id.* (citing *Jones v. Bechtel*, 788 F.2d 571, 574 (9th Cir. 1986)).  The FAC does
15  not allege that Defendants discriminated against Plaintiff on the basis of his race in making
16  contracts.  The FAC fails to allege sufficient facts to support a claim under 42 U.S.C. section
17  1981.

18     B.    42 U.S.C. Section 1983

19     The Court has addressed Plaintiff's claims that Defendants, acting under the color of
20  state law, violated Plaintiff's federal rights by conducting an illegal search and seizure; by
21  invading Plaintiff's privacy; and by subjecting Plaintiff to cruel and unusual punishment.  The
22  FAC does not allege any other basis for liability under 42 U.S.C. section to warrant denial of
23  the Motion to Dismiss the fourth cause of action.

24     C.    42 U.S.C. Section 1985

25     42 U.S.C. section 1985 provides a cause of action for conspiracy to interfere with civil
26  rights.  *See* 42 U.S.C. § 1985.  A claim under section 1985 "must allege facts to support the
27  allegation that defendants conspired together.  A mere allegation of conspiracy without factual
28  specificity is insufficient."  *Karim-Panahi*, 839 F.2d at 626 (internal quotations omitted).  The

FAC does not allege that Defendants conspired to interfere with Plaintiff's civil rights. The Court concludes that the FAC fails to allege sufficient facts to support a claim under 42 U.S.C. section 1985.

C.     42 U.S.C. Section 1986

Section 1986 provides that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." *See* 42 U.S.C. § 1986. The FAC alleges the arrest occurred May 20, 2006. *FAC, ¶ 12.* The original complaint in this action was filed May 19, 2008, approximately two years later. The Court concludes that Plaintiff's claim for violation of 42 U.S.C. section 1986 is barred as untimely.

D.     Americans with Disabilities Act

The ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 1218(a) The FAC does not allege that Plaintiff was disabled at the time that the incident underlying this action, or that Plaintiff was discriminated against on the basis of his disability. The Court concludes that the FAC fails to allege sufficient facts to support a claim for violation of the ADA.

E.     California Civil Code Sections 51, 52, and 52.1

The Unruh Civil Rights Act, codified at sections 51, *et seq.,* of the California Civil Code, like the ADA, protects against discrimination on the basis of disability. Cal. Civ. Code §§ 51, *et seq.* As discussed, the FAC does not allege that Plaintiff was disabled at the time of the incident underlying this action, or that Plaintiff was discriminated against on the basis of disability. The Court concludes that the FAC fails to allege sufficient facts to support a claim for violation of sections 51, 52 or 52.1 of the California Civil Code.

G.    Conclusion

In light of the foregoing, the Court concludes that the FAC fails to allege facts to support a claim under 42 U.S.C. sections 1981, 1983, 1985, and 1986, under the ADA, or under sections 51, 52, or 52.1 of the California Civil Code.  The Court dismisses the fourth cause of action for violation of federal and state constitutional and statutory rights against all Defendants for failure to state a claim.

**VI.    Motion to Strike Punitive Damages**

Defendants request that the Court strike Plaintiff's request for punitive damages. Defendants' request is moot with respect to the City of San Diego and San Diego Police Department because the Court has dismissed all claims against the City of San Diego and the San Diego Police Department.  To the extent Defendants move to strike Plaintiff's request for punitive damages against the Officers Fitzpatrick and Wilson, the Court concludes that striking the request for punitive damages against Fitzpatrick and Wilson is not proper at this stage of the proceedings.  *Dubner v. City & County of San Francisco,* 266 F.3d 959, 969 (9th Cir. 2001) ("Punitive damages are available against individual officers in a § 1983 claim . . . where the officers' conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.").  In light of the foregoing, the Court denies the Motion to Strike Punitive Damages.

**VII.    Leave to Amend**

If Plaintiff wishes to file an amended complaint, Plaintiff may file a motion for leave to file a second amended complaint, which attaches a copy of the proposed second amended complaint.

**Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss and Motion to Strike the First Amended Complaint (Doc. # 18) is **GRANTED in part.**  All causes of action against the City of San Diego and San Diego Police Department are **DISMISSED.**  The third cause of action for cruel and unusual punishment and fourth cause of action for violation of federal and state

constitutional and statutory rights against Jamie Fitzpatrick and Frank Wilson are **DISMISSED.**

DATED:  August 13, 2009

**WILLIAM Q. HAYES**
United States District Judge