1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11    KARL PHILIP JOHNSON,                        CASE NO. 08cv887 WQH (WMC)

12                            Plaintiff,          **ORDER**

                    vs.
13    CITY OF SAN DIEGO, et al.,

14                            Defendants.

15    HAYES, Judge:

16          The matter before the Court is Defendants' Amended Motion to Dismiss Plaintiff's

17    Second Amended Complaint.  (Doc. # 30).

18                              **BACKGROUND**

19          This action arises out of an incident which occurred on May 20, 2006, when Defendants

20    Jamie Fitzpatrick and Frank Wilson, police officers of the San Diego Police Department,

21    arrested, handcuffed, and placed Plaintiff in the back of their patrol vehicle.  Plaintiff alleges

22    that he was arrested without a warrant or probable cause; that he was placed in the patrol

23    vehicle without a seatbelt; that the patrol vehicle was involved in an accident and that he was

24    injured as a result.

25          On May 19, 2008, Plaintiff initiated this action by filing a complaint against the City

26    of San Diego, the San Diego Police Department, and San Diego Police Officers Jamie

27    Fitzpatrick and Frank Wilson.  (Doc. # 1).  On May 8, 2009, Plaintiff filed a first amended

28    complaint ("FAC").  (Doc. # 16).  Plaintiff alleged the following causes of action in the FAC:

1  (1) illegal search and seizure; (2) invasion of privacy; (3) cruel and unusual punishment; and

2  (4) violation of federal and state constitutional and statutory rights.  On May 28, 2009,

3  Defendants moved to dismiss Plaintiff's FAC.  On August 13, 2009, the Court granted the

4  motion in part and denied it in part.  (Doc. # 22).  The Court dismissed the first, second, and

5  third cause of action against the City of San Diego and the San Diego Police Department,

6  holding Plaintiff did not allege facts which would establish municipal liability for § 1983

7  violations pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 690-94 (1978).

8  *Id.* at 11.  The Court denied Defendants Fitzpatrick and Wilson's Motion to Dismiss the first

9  and second claims.  *Id.*  The Court dismissed the third cause of action against Defendants

10  Fitzpatrick and Wilson because Plaintiff was never convicted of a crime, and is therefore not

11  subject to punishment or covered by the Eighth Amendment prohibition against cruel and

12  unusual punishment.  *Id.* at 11-12.   The Court dismissed Plaintiff's fourth claim against all

13  Defendants for violation of 42 U.S.C. §§ 1981, 1985, and 1986, violation of the Americans

14  With Disabilities Act, and violation of California Civil Code §§ 51, 52, and 52.1

15      On November 23, 2009, Plaintiff filed the Second Amended Complaint ("SAC") which

16  is the operative pleading in this case.  (Doc. # 28).  Plaintiff alleges the following causes of

17  action in the SAC: (1) illegal search and seizure; (2) invasion of privacy; (3) violation of

18  personal security.  *Id.*

19      On December 3, 2009, Defendants filed their Amended Motion to Dismiss Plaintiff's

20  Second Amended Complaint.  (Doc. # 30).  In their Amended Motion to Dismiss Plaintiff's

21  Second Amended Complaint, Defendants contend that Plaintiff has failed to properly plead his

22  constitutional claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and that Plaintiff

23  has improperly named the City of San Diego and the San Diego Police Department as

24  Defendants. (Doc. # 30-1 at 4).  Defendants contend that the SAC should be dismissed without

25  leave to amend.  *Id.*

26                          **STANDARD OF REVIEW**

27      Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

28  upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure

8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity.  We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").  "In sum, for a Complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## ANALYSIS

Section 1983 **"**creates a remedy for violations of federal rights committed by persons acting under color of state law." *Howlett v. Rose*, 496 U.S. 356, 358 (1990)**.**  "The elements of a section 1983 action are: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Johnson v. Hawe*, 388 F.3d 676, 681 (9th Cir. 2004).

### 1.      Unlawful Search and Seizure

In support of his first cause of action for illegal search and seizure, Plaintiff alleges Defendants Fitzpatrick and Wilson stopped Plaintiff on May 20, 2006 at 2:45 AM and detained him without a warrant and without probable cause, searched him, improperly handcuffed him, and placed him in a police vehicle without using a seatbelt. (Doc. # 28 at 3-4).  Plaintiff alleges these actions violated his right to be free from illegal searches and seizures, his "freedom from summary punishment," his right to due process, and his right to personal safety.  *Id.* at 4. Plaintiff alleges Defendants Fitzpatrick and Wilson acted "with deliberate indifference, intentionally and either maliciously or by acting with a reckless disregard for whether plaintiff's rights and/or safety would be violated by their actions."  *Id.*  Plaintiff alleges that as a result, he was humiliated and physically injured. *Id.*

Defendants contend that Plaintiff has failed to make sufficient non-conclusory allegations to support his claims for illegal search and seizure and invasion of privacy.  (Doc. # 30-1 at 3).  Defendant contends that Plaintiff's allegations, as legal conclusions, are not entitled to the same assumption of truth that factual allegations receive at the motion to dismiss stage.  *Id.* at 3-4.  Defendants contend that Plaintiff fails to allege the specific actions that each individual Defendant took which form the basis of Plaintiff's claims for illegal search and seizure and invasion of privacy.  *Id.*  at 5.

Plaintiff contends that the complaint "clearly outline[s] what actions by what defendant violated plaintiff's constitutional rights."  (Doc. # 31-1 at 4). Plaintiff contends he has plead all of the elements of an unlawful search and seizure claim.  *Id.*  Plaintiff contends his claim should not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989)).

Plaintiff's first cause of action for unlawful search and seizure fails to state a claim upon which relief can be granted.  Plaintiff's claim recites the elements of the claim, but fails to offer factual allegations to support its conclusions.  Plaintiff alleges that Defendants Fitzpatrick and Wilson "without probable cause, unlawfully stopped and detained plaintiff, [and] searched his person, clothing and belongings . . . ."  (Doc. # 28 at 3-4).  Plaintiff does not allege any facts

that support the legal conclusion that the stop, detention, and search were "without probable cause," and the Court need not accept such a conclusion as true, even at the motion to dismiss stage. *See Doe I v. Wal-Mart,* 572 F.3d at 683. Because Plaintiff has not alleged any facts to support his conclusion that the stop, detention, and search were unlawful, his first cause of action fails to state a claim upon which relief could be granted. Plaintiff's claim for illegal search and seizure is dismissed.

**2.     Invasion of Privacy**

In support of his second cause of action for invasion of privacy, Plaintiff alleges Defendants Fitzpatrck and Wilson "wrongfully and unlawfully invaded plaintiff's privacy" by "stopping, arresting, searching, and otherwise interfering with plaintiff without probable cause . . . ." (Doc. # 28 at 5). Plaintiff alleges Defendants Fitzpatrick and Wilson were acting "beyond their authority" and that they are not immune from liability for their actions. *Id.* Plaintiff alleges Defendants Fitzpatrick and Wilson's acts were "willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages . . . ." *Id.* at 6.

Defendants contend that Plaintiff's invasion of privacy claim simply added the phrase "invaded plaintiff's right of privacy" to his deficient illegal search and seizure claim. (Doc. # 30-1 at 5). Defendants contend that Plaintiff has failed to allege facts sufficient to allow Defendants to defend against the invasion of privacy claim because the allegations are so vague it is not clear which of four possible California law invasion of privacy theories Plaintiff intends to claim. *Id.*

Plaintiff contends that the same facts underlie both the first claim for illegal search and seizure and the second claim for invasion of privacy, but that the legal theory differs. (Doc. # 31 at 5). Plaintiff contends that he has sufficiently plead both causes of action. *Id.* Plaintiff contends that his SAC should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (citing *Love*, 915 F.2d at 1245). In the event that the Court dismisses this claim, Plaintiff requests leave to amend. *Id.*

Plaintiff's second cause of action fails to allege facts to support Plaintiff's legal conclusion. Plaintiff again relies on his conclusory statement that Defendants acted without

probable cause as the basis for a state law claim that Defendants invaded his privacy by "illegal[ly] . . . and arbitrar[ily]" searching his "clothing, person, [and] belongings" which "intru[ded] . . . upon plaintiff's belongings, privacy, and body." (Doc. # 28 at 5-6). Plaintiff's legal theory is apparently that an unlawful search of his constituted an intrusion into private affairs under California law. *See Shulman v. Group W Productions, Inc.*, 18 Cal, 4th 200, 230 (1998). Plaintiff has failed to plead facts which support the conclusion that the search was unlawful. Plaintiff's invasion of privacy claim is dependent on his unwarranted conclusion that the search was illegal. Plaintiff's second claim for illegal search and seizure is dismissed.

### 3.      Violation of Personal Security

In support of his third cause of action for violation of personal security, Plaintiff alleges Defendants Fitzpatrick and Wilson acted "with deliberate indifference to plaintiff's personal safety and security and deprived plaintiff of his rights as guaranteed by the Fourteenth Amendment" by transporting him in a patrol vehicle without a seatbelt. (Doc. # 28 at 7).

Defendants contend that Plaintiff has failed to plead a constitutional claim against any defendant for violation of personal security. (Doc. # 30-1 at 6). Further, Defendants contend that Plaintiff does not have a constitutional right to be placed in a seatbelt while being transported in a police car, which is fatal to Plaintiff's § 1983 claim. *Id.* at 7. Defendants contend that Plaintiff's violation of personal security claim is "merely a thinly veiled attempt at bringing a negligence action against defendants in federal court, which he is prohibited from doing in state court due to the statute of limitations." *Id.* Defendants contend that negligence is not a cognizable constitutional claim. *Id.* at 7-8.

Plaintiff contends that he has properly plead "constitutional claims" against Defendants for violation of personal security. (Doc. # 31 at 5). Plaintiff contends that his "due process right to be free from abusive governmental conduct or oppression" prohibits placing him in a patrol car without a seatbelt. *Id.* at 6. Plaintiff contends that this failure rises to the level of deliberate indifference to his personal safety. *Id.* Plaintiff contends that Defendants' position that this is merely negligence and therefore not cognizable as a § 1983 claim is a factual question that cannot be resolved at the pleading stage. *Id.*

Plaintiff alleges a § 1983 claim predicated on the theory that failing to place Plaintiff

1  in a seatbelt constitutes deliberate indifference to Plaintiff's personal safety and security in
2  violation of the Due Process Clause of the Fourteenth Amendment.   (Doc. # 28 at 7).
3  Plaintiff's conclusion that this act constitutes deliberate indifference is a legal conclusion that
4  is not warranted by the facts Plaintiff has alleged.  Failure to use a seatbelt may constitute
5  negligence but it does not, as a matter of law, rise to the level of deliberate indifference.  *See*
6  *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1997) (holding deliberate indifference
7  requires a plaintiff to allege more than negligence).   Negligent acts by government officials
8  do not implicate the Fourteenth Amendment. *See Daniels v. Williams*, 427 U.S. 327, 333
9  (1986) ("Where a government official's act causing injury to life, liberty or property is merely
10 negligent, no procedure for compensation is constitutionally required.") (internal quotation and
11 citation omitted).  The Court concludes that Plaintiff's third cause of action fails to state a
   cognizable constitutional claim.

12 **4.    *Monell* Liability**

13      Defendants contend that the City of San Diego and the San Diego Police Department
14 are not proper defendants because Plaintiff has not alleged a claim for municipal or
15 institutional liability under *Monell.*  (Doc. # 30-1 at 8).  As for Plaintiff's § 1983 claim in his
16 third cause of action, Defendants contend that Plaintiff has improperly named the San Diego
17 Police Department as a defendant.  *Id.*  Defendants contend that municipal departments and
18 sub-units, including police departments are not persons for purposes of § 1983 and cannot be
19 held liable under *Monell*.  *Id.*

20      Plaintiff concedes that the City of San Diego and the San Diego Police Department
21 should not be named as defendants.   (Doc. # 31-1 at 9).  Plaintiff states "[a]lthough they were
22 retained in the caption, they have no liability in this case.  Plaintiff is willing to remove their
23 names from the caption should the court so order."  *Id.*

24      Plaintiff's complaint is dismissed with prejudice as to the City of San Diego and the San
25 Diego Police Department.

26                          **CONCLUSION**

27      IT IS HEREBY ORDERED THAT:

28      (1)      Defendants' Amended Motion to Dismiss Plaintiff's Second Amended

Complaint (Doc. # 30) is **GRANTED**.  Plaintiff's claims against Defendants Jamie Fitzpatrick and Frank Wilson are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's claims against the City of San Diego and the San Diego Police Department are **DISMISSED WITH PREJUDICE**.

(2)    If Plaintiff wishes to file an amended complaint, Plaintiff shall file a Motion for Leave to Amend within thirty days of the date of this order.  Plaintiff must obtain a hearing date pursuant to the Local Rules of Civil Procedure before filing any motion for leave to amend.  In the event no motion is filed, the Court will close the case.

DATED:  April 2, 2010

**WILLIAM Q. HAYES**
United States District Judge